IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA, SOUTH BEND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Erik Silguero, | ) | |
|         Debtor. | ) | |
| _____ | ) | Case No. 13-31239-HCD |
| Erik Silguero, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. Pro 14 - _____ - HCD |
| | ) | |
| WebBank, Bluestem Brands, Inc., | ) | |
| dba Fingerhut, | ) | Hon. Harry C. Dees, Jr. |
| | ) | |
|         Defendant | ) | |

**COMPLAINT TO HOLD DEFENDANT IN CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. § 524 AND FOR DAMAGES**

Debtor, Erik Silguero, by and through his undersigned counsel, hereby complains against WebBank, Bluestem Brands, Inc., dba Fingerhut, seeking to hold it in contempt for violation of the discharge injunction of § 524 of the Bankruptcy Code, 11 U.S.C. § 524, and in support thereof, respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This proceeding arises in and relates to this Chapter 7 case within the meaning and purview of 28 U.S.C. § 1334(b).

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. Venue is proper in this District under 28 U.S.C. § 1409(a).

4. Pursuant to Local Rule 200-1 of the United States District Court for the Northern District of Indiana, all cases under Title 11 of the United States Code and all proceedings arising under Title 11 or arising in or related to cases under Title 11 have been referred to the Bankruptcy Judges for the Northern District of Indiana.

### THE PARTIES

5. Erik Silguero ("Debtor" or "Silguero") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 30, 2013.

6. At the time that he filed her chapter 7 case, Mr. Silguero resided in Indiana within this district and division.

7. Fingerhut is an assumed name for Bluestem, Inc.

8. Bluestem uses WebBank as its merchant bank for Fingerhut branded credit cards.

### FACTUAL AND PROCEDURAL BACKGROUND

9. At the time that he filed the chapter 7 petition on April 30, 2014, Mr. Silguero scheduled Fingerhut as a creditor on her Schedule F.

10. Thereafter, by order entered on November 13, 2012, the Court granted Mr. Silguero a discharge (the "Discharge Injunction").

11. Both Fingerhut and WebBank had actual and constructive notice of the Debtor's bankruptcy case by way of first class mail sent by the Bankruptcy Noticing Center on August 8, 2014 to WebBank/Fingerhut, 6250 Ridgewood Road, Saint Cloud, MN 56303-08230.

12. On April 6, 2014, in an effort to begin to re-establish credit after the bankruptcy case, the Debtor obtained a credit report from Experian.

13. Notwithstanding the Discharge Injunction, Fingerhut continues to report the debt as "bad debt & placed for collection & skip" on Debtor's credit report with Equifax. Furthermore, the debt is reported as "charged off as bad debt" in Debtor's credit report with TransUnion.

14. These report fails to reflect that the debt has been discharged in bankruptcy.

## COUNT I

15. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 14 above, as if fully set forth herein.

16. Section 524(a)(2) of the Bankruptcy Code provides that a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any … debt as a personal liability of the debtor. . . ."

17. The Discharge Injunction was a valid order of the Bankruptcy Court, and Fingerhut knew of its existence.

18. Fingerhut has violated and continues to violate the Discharge Injunction by continuing to report to the credit reporting agency that Debtor's debt is bad debt & placed for collection & skip and charged off as bad debt, when in fact it has been discharged in bankruptcy.

19. Fingerhut has not instituted sufficient systems and procedures to enable it to effectively abide by the Discharge Injunction; instead, it allows continued reporting of discharged debt as a matter of pattern and practice.

20. Fingerhut's actions have injured the Debtor by, frustrating him in his legitimate efforts to reestablish credit after the bankruptcy case.

21. Fingerhut's actions have caused Debtor to suffer aggravation, embarrassment, and considerable stress, all of which should have been alleviated upon entry of the Discharge Injunction.

22. Section 105 authorizes the court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

23. By reason of Fingerhut's pattern and practice of refusing to institute adequate systems to insure proper credit reporting, it would be appropriate for the Court to enter punitive damages against Fingerhut.

24. By reason of Fingerhut's actions, Mr. Silguero seeks recovery of attorneys' fees, actual damages, and punitive damages in such amount as might be allowed by this Court for the willful violation of the Discharge Injunction.

25. Mr. Silguero also seeks an order of this Court holding Fingerhut in contempt for violation of the Discharge Injunction until such time as it withdraws the improper continued report of a "bad debt & placed for collection & skip" and "charged off as bad debt" with respect to its trade line.

26.     The remedies sought herein are without prejudice to any claims which Mr. Silguero might have against Fingerhut under the Fair Credit Reporting Act – such claims are not brought here.

Wherefore, Erik Silguero prays for an order finding both, WebBank, Bluestem Brands, Inc., dba Fingerhut in contempt and imposing sanctions against WebBank, Bluestem Brands, Inc., dba Fingerhut, including actual damages, attorneys' fees, and substantial punitive damages, in such amount as the Court might deem fit so as to enforce the Discharge Injunction as to WebBank, Bluestem Brands, Inc., dba Fingerhut and to prevent WebBank, Bluestem Brands, Inc., dba Fingerhut from acting in such an egregious fashion in the future.

Erik Silguero

By /s/ David P. Leibowitz<br>One of his attorneys

David P. Leibowitz
Illinois Attorney No. 1612271
(Admitted to Practice in Northern District of Indiana)
Upright Litigation, LLC
25 E. Washington, Suite 400
Chicago, IL 60602
312-878-1605